OPINION OF THE COURT
Bernard S. Greenbaum, J.
Petitioner commenced this holdover proceeding pursuant to Real Property Law § 231 based upon the illegal use of a cooperative apartment, to wit, possession and storage of firearms, narcotics and narcotic paraphernalia therein. The proceeding was commenced by the proprietary lessor, petitioner landlord Boulevard Gardens Owners Corp. (hereinafter referred to as petitioner or proprietary lessor), against the proprietary lessee, respondent tenant 51-34 Boulevard Gardens Co., L.P. (hereinafter referred to as respondent or proprietary lessee), and the actual occupant of the apartment, respondent undertenant Walter Nichols.
Pursuant to a "So Ordered” stipulation of settlement, dated September 11, 1996 (Weiss, J.), Charlotte Rees, on behalf of herself as an undertenant, the respondent undertenant Walter Nichols, "John Doe” and "Jane Doe” agreed, inter alia, to a judgment of possession in favor of the petitioner.
With respect to the respondent, the proprietary lessee, an inquest was conducted before this court on October 2, 1996. Maria I. Beltrani, Esq., testified on behalf of the petitioner. She is an attorney in the law offices of Wolf, Haldenstein, *757 Adler, Freeman & Herz, L. L. P., which firm represents the petitioner. As she was the sole attorney who handled this matter she has personal knowledge of the facts to which she testified.
Based upon the credible evidence adduced thereat, this court makes the following findings of fact and conclusions of law.
The petitioner is a cooperative housing corporation of the building known as and located at 30-31 Hobart Street, Wood-side, New York. Pursuant to a proprietary lease and the sale of cooperative shares of stock, the respondent 51-34 Boulevard Gardens Co., L.P., became the proprietary lessee of the premises particularly apartment 6J in building F. Pursuant to a sublease agreement with the respondent, the respondent undertenant Walter Nichols entered into possession and occupancy of the apartment.
On May 7, 1996, Mr. Nichols was arrested inside the apartment and charged with criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, criminally using drug paraphernalia in the second degree, and unlawful possession of marihuana. Pursuant to a search warrant a firearm, ammunition, drug paraphernalia and bags and vials containing controlled substances were seized and vouchers given therefor.
The Queens County District Attorney’s office sent a written notice to the petitioner requiring it to make an application pursuant to Real Property Law § 231 for the removal of the person using or occupying the apartment. The petitioner, the proprietary lessor for the entire cooperative building, referred such notice to the respondent, the proprietary lessee of the particular cooperative apartment, and demanded that the respondent commence such proceeding. The respondent subsequently faxed a letter to Ms. Beltrani indicating that it had received the packet but would take no action with respect thereto. She spoke with Fred Rothchild, a vice-president of the respondent who stated that he needed to speak with his partners.
After waiting for some further response from the respondent, petitioner commenced this holdover proceeding pursuant to RPAPL 715 (1) by serving a notice of petition and petition holdover and holdover petition on respondent and respondent undertenant Walter Nichols.
Initially, this court finds that the petitioner is a proper party to maintain this proceeding.
*758 RPAPL 715 (1) states, in pertinent part, that: "An owner or tenant * * * of any premises within two hundred feet from other demised real property used or occupied in whole or in part * * * for any illegal trade, business or manufacture * * * may serve personally upon the owner or landlord of the premises so used or occupied, or upon his agent, a written notice requiring the owner or landlord to make an application for the removal of the person so using or occupying the same. If the owner or landlord or his agent does not make such application within five days thereafter; or, having made it, does not in good faith diligently prosecute it, the person, corporation or enforcement agency giving the notice may bring a proceeding under this article for such removal as though the petitioner were the owner or landlord of the premises, and shall have precedence over any similar proceeding thereafter brought by such owner or landlord or to one theretofore brought by him and not prosecuted diligently and in good faith * * * Both the person in possession of the property and the owner or landlord shall be made respondents in the proceeding.”
Here, Ms. Beltrani testified that she forwarded the District Attorney’s notice to the respondent and that she had spoken to Fred Rothchild, the vice-president of the respondent. She also sent the respondent a letter informing respondent of the second adjourn date for this proceeding but not of the instant final adjourn date. No response was ever received from respondent nor did it ever appear in court.
Clearly, the petitioner, as fee owner of the cooperative property, is entitled to commence the instant proceeding, and, based upon the respondent proprietary lessee’s failure to make the required application, stands in the place of the respondent. Further, RPAPL 721 (8) provides that "The proceeding may be brought by:” "The person, corporation or law enforcement agency authorized by this article to proceed to remove persons using or occupying premises for illegal purposes.”
In addition, this court has jurisdiction over the respondent based upon the personal service of the notice of petition and holdover petition upon Fred Rothchild, a vice-president of the respondent.
The issue of whether or not a notice to cure must be served was also raised. It appeared that the petitioner served both the respondent and the respondent undertenant with a notice of petition and holdover petition without benefit of a notice to cure. As the Assistant District Attorney correctly points out, no notice to cure is necessary in a case such as this because the *759 proceeding involves criminal activity on the part of the occupant of the premises, that is, illegal use thereof due to drug trafficking.
The Assistant District Attorney relies on RPAPL 715 (1) which states, in pertinent part, that: "Proof of the ill repute of the demised premises or of the inmates thereof or of those resorting thereto shall constitute presumptive evidence of the unlawful use of the demised premises required to be stated in the petition for removal.”
The Assistant District Attorney presented proof of the illegal drug trafficking on the premises through the documents filed with the petition, to wit, the criminal complaint signed by the arresting police officer as to the illegal narcotics, firearms and drug paraphernalia found on the premises pursuant to a duly executed search warrant.
This court finds that the proof of the ill repute of the demised premises was sufficiently established and that such constitutes presumptive evidence of the unlawful use thereof so as to negate the need for service of a notice to cure.
This court is well aware of the seriousness of narcotics trafficking in this city and, therefore, grants the petition with respect to the respondent undertenant based upon the stipulation of settlement dated September 11, 1996 in which the respondent undertenant agreed, with the consent of the District Attorney’s office, to the granting of a judgment of possession to the petitioner.
Finally, with respect to the penalties which this court may impose, there are several as set forth in RPAPL 715 (4) which states that: "A court granting a petition pursuant to this section may, in addition to any other order provided by law, make an order imposing and requiring the payment by the respondent of a civil penalty not exceeding five thousand dollars to the municipality in which the subject premises is located and, the payment of reasonable attorneys fees and the costs of the proceeding to the petitioner. In any such case multiple respondents shall be jointly and severally liable for any payment so ordered and the amounts of such payments shall constitute a lien upon the subject realty.”
With respect to the Assistant District Attorney’s request for an award of counsel fees, this court finds that such is warranted. Ms. Beltrani testified that her counsel fees amounted to a total of $3,010 based upon her hourly rate of $175 for 17.6 hours, plus costs of $143.79 including filing fees, service of pro *760 cess, and certified copies for a total of $3,153.79. Pursuant to RPAPL 715 (4), this court hereby awards judgment in the sum of $3,153.79 to petitioner’s counsel Wolf, Haldenstein, Adler, Freeman & Herz, L. L. P.
With respect to a monetary civil penalty, such may not exceed $5,000 and should be paid to the municipality. Based upon the evidence adduced, this court finds that the respondent’s failure to make this application warrants the imposition of a monetary penalty in the amount of $1,500. Accordingly, judgment in the amount of $1,500 is awarded to the municipality, the City of New York, payable to the New York City Finance Administrator by certified check.
Such amounts are payable within 30 days of the service of a copy of this decision and judgment with notice of entry. Said amounts shall constitute a lien upon the premises pending payment. Failure to pay both amounts as directed entitles the petitioner and the municipality to entry of said judgments and full execution thereon.
The third remedy requested by the Assistant District Attorney was a complete forfeiture of the respondent tenant’s property rights and interest in the demised premises, the cooperative apartment, based upon its failure to cooperate in this proceeding.
The apartment in question is part of a cooperative corporation and the proprietary lessee has a substantial monetary interest in such premises. Prior to any interference or forfeiture of a citizen’s property interest, this court must first conclude that due process has been satisfied. While this court acknowledges that it possesses the authority to grant such a remedy, under the circumstances herein, this court declines to exercise such authority as it finds such civil forfeiture to be unwarranted at this time.
The testimony of Ms. Beltrani, Esq., does not establish to this court’s satisfaction that the cooperation or lack thereof by the respondent tenant in this proceeding warrants the drastic penalty of forfeiture of the premises. It merely appears that after the petitioner was initially contacted by the District Attorney’s office, Ms. Beltrani called Fred Rothchild, vice-president of the respondent tenant, with respect to the prosecution of the required application. She indicated that he asked her if she could handle the matter. The record does not contain her answer to him.
Further, it appears that, after this proceeding was commenced, Ms. Beltrani received a telephone call from Mr. Roth- *761 child wherein he stated that there would be reimbursement for fees for the action. Given the respondent tenant’s failure to make the required application, this court found that a monetary penalty was warranted. However, the testimony as to the noncooperation showed a request by Mr. Rothchild that the proprietary lessor pursue the matter and that it would be reimbursed for costs in such prosecution. Given the ambiguous nature of the claimed lack of cooperation, this court finds that it was not shown that the respondent tenant’s conduct was so egregious as to sustain a civil forfeiture of its rights in the cooperative apartment.
However, this court does not preclude the District Attorney’s office from showing any additional evidence it might possess as to how the claimed lack of cooperation hindered the prosecution of this proceeding or, in the alternative, that the proprietary leaseholder had direct or personal knowledge of the illegal use of the premises. The District Attorney may bring on, by order to show cause, a request for a hearing to determine if a civil forfeiture is warranted based upon such additional information. Said order to show cause is to contain on its face a notice that civil forfeiture of the proprietary leasehold is being requested and may result from a failure to appear.
Accordingly, this court grants: (1) a judgment of possession in favor of the petitioner as against the respondent undertenant; (2) judgment in favor of the petitioner’s counsel, Wolf, Haldenstein, Adler & Herz, L. L. P., in the amount of $3,153.79 as and for counsel fees, costs and disbursements pursuant to RPAPL 715 (4); and (3) judgment in favor of the municipality, the City of New York, in the amount of $1,500 as a monetary penalty pursuant to RPAPL 715 (4) payable to the New York City Finance Administrator by certified check.
Such amounts are to be paid within 30 days of the service of a copy of this decision and judgment with notice of entry. Said amounts shall constitute liens upon the premises pending payment. Failure to pay both amounts as directed entitles the petitioner and the municipality to entry of judgments and full execution thereon.